# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 0509011266A |
| | ) | |
| | ) | |
| STEVEN DRAKE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 3, 2023
Decided: February 6, 2023

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Diana Dunn, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Steven Drake, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

**O'CONNOR,** Commissioner

This 6th day of February, 2023, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

**BACKGROUND FACTS**

On May 2, 2006, after a five-day trial, a jury found Defendant guilty of Rape First Degree, Robbery First Degree, Assault Second Degree, Burglary Second Degree, Attempted Robbery First Degree, five counts of Wearing a Disguise During the Commission of a Felony, and five counts of Possession of a Firearm During the Commission of a Felony.

On August 4, 2006, the Court sentenced Defendant to serve his natural life in prison for the Rape First Degree conviction, and thirty-two years of incarceration for the other convictions. The Delaware Supreme Court affirmed Defendant's convictions on direct appeal.[1]

On November 24, 2008, Defendant filed his first *pro se* Motion for Postconviction Relief, raising three ineffective assistance of counsel claims: (1) counsel did not assist him in trial, and counsel did not ask witnesses the specific questions Defendant wanted him to ask; (2) counsel did not seek to suppress

---

[1] *Drake v. State*, 928 A.2d 768 (Del. 2007). Defendant argued, on direct appeal, that "the trial judge violated his right to self-representation when she 'forced' him to reconcile his differences with his court appointed attorney after he knowingly and intelligently waived his Sixth Amendment right to counsel." *Id.* at 769. Defendant also claimed, "the trial court erred when it refused to instruct the jury on the claim of right defense provided by 11 *Del. C.* §857." *Id.*

evidence and failed to object to the presentation of impermissibly admitted evidence; and (3) counsel did not call or contact any witnesses on his behalf.[2] The Superior Court summarily dismissed Defendant's postconviction motion, concluding Defendant's allegations were "completely conclusory" and the motion was procedurally barred as untimely filed.[3]

On November 9, 2022, Defendant filed a second *pro se* Motion for Postconviction Relief,[4] claiming the Superior Court denied his Sixth Amendment right to represent himself at trial, a decision which he characterizes as a "structural defect."[5] In effect, Defendant re-cycles the argument presented on direct appeal to the Delaware Supreme Court, that the Court violated his Sixth Amendment right to represent himself at trial. This time around, Defendant claims appellate counsel was ineffective for not arguing the Court's decision to allow him to represent himself was a "structural defect" – allowing him to overcome the procedural bars of Rule 61(i)(1)-(4).[6] As will be discussed below, Defendant's argument is misplaced, and his claim is procedurally barred.

---

[2] *State v. Drake*, 2008 WL 5264880, at *1 (Del. Super. Dec. 15, 2008).
[3] *Id*. at *1-2. Defendant did not avoid the procedural bar, because he could not demonstrate a colorable constitutional claim pursuant to the version of Rule 61(i)(5) in effect at the time the motion was filed.
[4] Docket Item ("DI") 58, November 9, 2022 *Pro Se* Motion for Postconviction Relief.
[5] DI 59, November 9, 2022 Memorandum to Support the Application for Postconviction Relief.
[6] The current version of Superior Court Criminal Rule ("Rule") 61(i)(5) provides that the procedural bars identified in Rule 61(i)(1)-(4) shall not apply either to a claim that the court lacked jurisdiction or a claim that satisfies the pleading requirements of Rule 61(d)(2) – that new evidence exists which creates a strong inference that Defendant is actually innocent in fact, or that a new

3

## PROCEDURAL BARS

In any motion for postconviction relief, this Court must first determine whether a defendant has satisfied the procedural requirements of Superior Court Criminal Rule 61 before giving consideration to the merits of the underlying claims.[7] Rule 61(i)(1) prohibits the Court from considering a motion for postconviction relief unless it is filed within one year after the judgment of conviction is final.[8] Rule 61(i)(2) prohibits the filing of repetitive motions for postconviction relief, unless: under Rule 61(d)(2)(i), the movant "pleads with particularity that new evidence exists that creates a strong inference" of actual innocence; or, under Rule 61(d)(2)(ii),"that a new rule of constitutional law, made retroactive to cases on collateral review," applies to the movant's case.[9]

Rule 61(i)(3) provides that "any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this Court, is thereafter barred, unless the movant shows (a) cause for relief from the procedural default and (b) prejudice from the violation of movant's rights."[10]

---

rule of Constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court applies to movant's case. *See* Rule 61(i)(d)(2)(i)-(ii).

[7] *Taylor v. State*, 32 A.3d 374, 388 (Del. 2011) (quoting *Shelton v. State,* 744 A.2d 465, 474 (Del. 1999)).

[8] Super. Ct. Crim. R. 61(i)(1). A judgment of conviction is final "when the Supreme Court issues a mandate or order finally determining the case on direct review." *Drake*, 2008 WL 5264880, at *1.

[9] Super. Ct. Crim. R. 61(i)(2).

[10] Super. Ct. Crim. R. 61(i)(3).

Rule 61(i)(4) provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[11]

Rule 61(i)(5) provides that any claim barred by Rule 61(i)(1)-(4) may nonetheless be considered if the claim is jurisdictional or otherwise satisfies the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[12]

Defendant's present Motion for Postconviction Relief was filed on November 9, 2022. Defendant's judgment of conviction became final on June 28, 2007, when the Supreme Court issued its mandate. Pursuant to Rule 61(i)(1), Defendant's Motion is filed fifteen years too late. Moreover, Defendant has failed to allege any facts implicating the exception to the Rule 61(i)(1) procedural bar.[13] Defendant's claim is procedurally barred as untimely.

Defendant's Motion is also repetitive pursuant to Rule 61(i)(2), as this is his second postconviction motion. Defendant could potentially overcome this procedural bar by demonstrating this Motion satisfies the pleading requirements of Rule 61(i)(2), but he has failed tplead with particularity that new evidence exists

---

[11]  Super. Ct. Crim. R. 61(i)(4).
[12]  Super. Ct. Crim. R. 61(i)(5).
[13]  Super. Ct. Crim. R. 61(i)(1). To avoid the procedural bar, Defendant must "allege facts supporting a claim that there exists a retroactively applicable right that is newly recognized after the judgment of conviction was final, more than one year after the right was first recognized by the Delaware Supreme Court or the U.S. Supreme Court." *Id*.

which creates a strong inference that he is factually innocent,[14] or plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the Delaware Supreme Court or the U.S. Supreme Court, applies to his case and renders his conviction invalid.[15] Defendant has not met the exacting pleading standards of Rule 61(i) or Rule 61(d)(2), and the claim is procedurally barred as repetitive.

Pursuant to Rule 61(i)(4), Defendant's claim is procedurally barred because it was formerly adjudicated on direct appeal. On direct appeal, Defendant's appellate counsel argued the Court violated Defendant's Sixth Amendment right to represent himself by convincing him to allow counsel to represent him after he had previously been permitted to represent himself at trial. Now, Defendant raises a virtually identical claim, but argues appellate counsel was ineffective for not claiming the denial of his Sixth Amendment right to self-representation is a "structural error." The record does not support Defendant's claim.

On direct appeal in 2007, the Delaware Supreme Court concluded the trial judge did not force or coerce Defendant into accepting counsel he previously dispatched.[16] In fact, the Delaware Supreme Court concluded Defendant "clearly

---

[14] *See Id.*
[15] *See* Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2)(i)-(ii).
[16] *Drake*, 929 A.2d at 772.

revoked his request to represent himself."[17]  Defendant's claim in the second Motion for Postconviction Relief was formerly adjudicated on direct appeal.

Defendant seeks to overcome the procedural bar in Rule 61(i) by relying on a prior version of Rule 61(i)(5).[18]  Specifically, prior to June 4, 2014, Rule 61(i)(5) allowed defendants relief from the procedural bars noted in Rule 61(i)(1)-(4) if they could show the court lacked jurisdiction or that the defendant made a "colorable claim that there was a miscarriage of justice because of a constitutional violation." But, on June 4, 2014, Rule 61(i)(5) was amended.  The amended Rule removed the "miscarriage of justice" language and substituted the following:

> "The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[19]

Rule 61(d)(2)(i)-(ii) does not help Defendant's cause.  To invoke this Rule the Defendant must claim the court lacked jurisdiction, or plead with particularity a claim that a new rule of constitutional law was made retroactive to cases on collateral review by the Delaware Supreme Court or the U.S. Supreme Court.[20]  Defendant has not done so.

---

[17] *Id.*

[18] This Court is required to apply the version of Rule 61(i)(5) in effect at the time Defendant filed his Motion. *Jones v. State*, 2015 WL 6746873, at *1, n. 4 (Del. Nov. 14, 2015)(citing Order Amending Rule 61 of the Superior Court Rules of Criminal Procedure (Del. Super. June 4, 2014)).

[19] Super. Ct. Crim. R. 61(i)(5).

[20] Super. Ct. Crim. R. 61(d)(2)(i)-(ii).

## CONCLUSION

Defendant's postconviction claim is procedurally barred pursuant to Rules 61(i)(1), 61(i)(2), and 61(i)(4), and Defendant's claim that appellate counsel provided deficient representation in not preserving his Sixth Amendment right to self-representation is not supported by the record. The Delaware Supreme Court expressly rejected this claim on direct appeal.[21]

For all of the aforestated reasons, I recommend the Motion for Postconviction Relief should be **SUMMARILY DISMISSED.**

**IT IS SO RECOMMENDED.**

/s/ Martin B. O'Connor
Commissioner Martin B. O'Connor

oc:    Prothonotary

---

[21] *Drake*, 929 A.2d at 772.